IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAY JAMES,

    Plaintiff,

v.                                            CASE NO. 4:15-cv-249-RH-GRJ

FLORIDA DEPT. OF CORRECTIONS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ray James, DOC inmate #T36907, initiated this case by filing a *pro se* Complaint. Doc. 1. Plaintiff has neither paid the $400.00 civil case filing fee nor filed a motion for leave to proceed as a pauper. The Complaint is deficient because Plaintiff failed to use the Court's form for prisoner civil rights complaints. The Court will not require Plaintiff to correct these deficiencies because this case is due to be dismissed pursuant to the 28 U.S.C. § 1915(g) three-strikes bar and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

A review of the Court's PACER Case Locator reflects that Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), and therefore is not entitled to proceed as a pauper, because on three or more prior occasions while incarcerated Plaintiff brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Ray James v. McNeil*, Case No. 4:11-cv-162-RH-WCS Doc. 5 (5/3/11) (Report and Recommendation imposing three-strikes bar and recounting cases that qualified as "strikes"); Doc. 9 (6/16/11) (Judge Hinkle's Order adopting Report and

Recommendation and dismissing complaint pursuant to three-strikes bar). The Court has confirmed that the Plaintiff in this case is the same as the Plaintiff in the previous case, having the same DOC inmate number (T36907).

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Complaint does not allege that Plaintiff is in imminent danger of serious physical injury. *See* Doc. 1. Rather, the Complaint requests that this Court intercede in certain cases that Plaintiff presently has pending in state courts. Specifically, Plaintiff seeks (1) an order from this Court directing the Third Judicial Circuit Court (Taylor County) to issue a ruling in Plaintiff's tort case (Case No. 2011-247-CA); (2) an order from this Court directing the First District Court of Appeal to quash an order denying Plaintiff's petition for a writ of mandamus (Case No. 1D14-4361); and (3) and order from this Court directing the Supreme Court of Florida to quash an order dismissing Plaintiff's petition for a writ of mandamus (Case No. SC15-149). Doc. 1. Such allegations are plainly insufficient to overcome the three-strikes bar. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Even if Petitioner had paid the filing fee when this suit was filed, it would nevertheless be subject to dismissal because Plaintiff has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). This Court does not have appellate or certiorari jurisdiction to review state court proceedings. *See District of*

*Columbia Ct. Of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Furthermore, in the interests of comity, federal courts abstain from becoming involved in state court proceedings with few exceptions. "Proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand." *Pennzoil v. Texaco, Inc.,* 481 U.S. 1, 14 (1987); *see also Younger v. Harris,* 401 U.S. 37 (1971).

To the extent that Plaintiff requests that this Court order mandamus relief against the state courts in which his cases are pending, this Court does not have jurisdiction to grant such mandamus relief. Federal mandamus is only available "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see also Bailey v. Silberman,* 226 Fed. Appx. 922, 924 (11th Cir. 2007). "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F. 2d 1275, 1276 (5th Cir. 1973).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to the 28 U.S.C. § 1915(g) three-strikes bar and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IN CHAMBERS** this 12th day of May 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**